Richard/Maria Shupe, Pro Se
3657 S Double Echo Rd
Tucson, AZ 85735
520-578-6400

UNITED STATES DISTRICT COURT

PIMA COUNTY ARIZONA

CV14-2477 TUC JGZ

Richard/Maria Shupe
    Plaintiffs

v.

General Services Administration
    Defendant

**COMPLAINT FOR:**
**CONSUMER FRAUD A.R.S. 44-1522**
**NEGLIGENCE**

**TRIAL BY JURY DEMANDED**

Come now the Plaintiffs in the above entitled action and herein submit their Arizona State Law complaints of consumer fraud, and negligence against the Defendant.

## PARTIES

The Plaintiffs are natural persons, husband and wife, whom reside in Pima County, Arizona.

The Defendant is an agency of the United States Government, of which main offices are located at 1800 F Street NW, Washington, DC.

1

## JURISDICTION

This court has jurisdiction pursuant to 28 U.S.C. 1332. The Defendant's principle place of business, being in Washington D.C.; and the amount in controversy being sought by the Plaintiffs, exceeds $75,000.00.

## STATEMENT OF CLAIMS

This action arises from the Defendants fraudulent, misleading, deceptive statements made in an "online" auction pursuant to Arizona Revised Statute 44-1522. The Defendant negligently breach its duty of the covenant of good faith and fair dealing with the Plaintiffs, through their failure to conduct a reasonable inspection and description thereof, regarding the vehicles they sold to the Plaintiffs.

## HISTORY

On August 14th, 2014 the Plaintiffs purchased two vehicles from the Defendant via the Defendant's "online" auction titled "GSA Auctions". The vehicles sales lots numbers are 51QSCI14324/018; and 51QSCI14324/020 comprising of one 2001 Dodge 3500 Van; and one 1997 P-30 Step Van.

Both vehicles were located in Marion, IL. Immediately upon the purchase

of said vehicles, the Plaintiffs sent the Defendant a "Cashiers Check" in the amount of $15,219.00, payment in full, for said vehicles. On August 25, 2014 the Plaintiffs arrived at the location of the vehicle in Marion IL. The agent of the Defendant refused to give Plaintiffs either titled to said vehicles, nor bill of sale. Upon removal of said vehicles, the Plaintiffs found serious material defects, not before stated by the Defendant on the GSA Auction web pages of said vehicles. Due to said omissions, misrepresentations, the Plaintiffs purchased said vehicles that they would not have purchased, if said defects had been known by Plaintiffs prior to their purchase. As a result of the Defendants negligence and violation of ARS 44-1522, the Plaintiffs sustained substantial financial damage, and emotional harms.

**FACTUAL STATEMENTS**

A) The Defendants statement:"2001 Dodge Ram Van 5.9 L V8, 35 Gal Tank, Rear A/C, Mileage is estimate, Repairs may be required , parts may be missing, deficiencies when known have been indicated in the property description, however, absence of any indicated deficiencies does not mean that none exist." is misleading and by omission, is fraudulent, and breaches the covenant of good faith and fair dealing.

B) The Defendants statement: "1997 Chevrolet Step Van P30 Base, Multistop Truck, 5.7 L V8, New Air Bags on Rear, Drivers door window cracked,

Mileage is estimate, repairs needed, parts may be missing, deficiencies when known have been indicated in the property description, however absence of any indicated deficiencies does not mean that none exist" is misleading by omission, is fraudulent, and breaches the covenant of good faith and fair dealing.

C) That the Defendant regarding the 2001 Dodge Van failed to state: "extensive rust", holes drilled in exterior door panels, holes drill throughout vehicles interior panels and doors, door locks removed, door handles removed, paint very bad, no key to locking gas cap, windshield wipers inoperable, interior headliner falling, interior windows sealed shut, air conditioning inoperable, and the front windshield is cracked, and severely frayed supertine belt.

D) That the Defendant failed to state regarding the P-30 Step Van: that the vehicles mileage was off in excess 100K, that the vehicle was not roadworthy, that the vehicle windshield wipers were inoperable, that the vehicles heater was constantly on, that the vehicle had no shocks, that the vehicle had no dash or running lights, that the vehicles battery was bad, that the vehicles tires were in poor condition, that the vehicles right headlight was inoperable, that the vehicles had no spare tire, that the vehicle electrical system was defective, that the vehicles rear view mirrors were inoperable, that the vehicle was unsafe to drive.

E) The Defendant failed to produce title to said property in a timely fashion.

F) That Plaintiffs incurred travel expenses in excess of $1,650.00.

G) That the Plaintiffs sustained financial loss in excess of $20,000.00

H) That the Plaintiffs sustained emotional distress in the form of anger, upset, and other negative emotions.

## A.R.S. 44-1522 CONSUMER FRAUD

**The Plaintiffs by reference herein incorporates all of the paragraphs of this complaint as though fully stated herein.**

Arizona Revised Statute 44-1522 states as follows:

> "The act, use or employment by any person of any deception, or unfair act or practice, false pretense, false promise, misrepresentation, or concealment, suppression or omission of any material fact with the intent that others rely on such concealment, suppression, or omission, in connection with the sale or advertisement of any merchandise whether or not any person has in fact been mislead, deceived, or damaged thereby"

In addition, while not defined in ARS 44-1522, the act of being deceptive, is interpreted to include representations that have a "tendency and capacity" to convey misleading impression to consumers, even though interpretations that would not be misleading also are possible. see : Madsen v. W.Am. Mort. Co. 143 Ariz 614, 618, 694, P.2d 1228, 1232, (Ct. of App. 1985) ("the meaning and impression are to be taken from all that is reasonably implied, not just from what is said, and in evaluating the representations, the test is whether the least sophisticated reader would be mislead: id @ 618, 694, P.2d @1232.

In Sellinger v. Freeway Mobile Home Sales Inc. 110 Ariz 573. 575-76. 521 P.2d 1119,1121-22 (1974) it was held by the Ariz. Supreme Ct. that a private right to action exist under ARS. 44-1252.

Arizona Consumers Fraud Act, has a lower standard of proof, and of pleading, than that of common law fraud, because the purpose of the act is to provide a remedy for injured consumers who need such protections to counteract the disproportionate bargaining power which is typically present in consumer transactions. Dunlap, 136 Ariz. @344, 666, P.2d @89.

Under Arizona law, **"reliance"**, is not a prerequisite see: **_Peery v. Hansen, 120 Ariz. 266, 585 P.2d 574 (App. 1978)_**; however, the Plaintiffs did rely upon the descriptions stated by the Defendant when buying said vehicles.

The General Services Administration, on their auction site, by omission of material facts, as stated in detail found above in the Plaintiffs "Statement of Facts"; on August 13th, 2014, caused financial loss to the Plaintiffs, due to said omission of material facts. The Defendants material omissions thereby inflated the value of both vehicles. Had said vehicles descriptions been accurate, both vehicles would have sold on said auctions for far less than Plaintiffs paid. In addition to financial loss sustained by Plaintiffs as direct result of the Defendants

6

material omissions, the Plaintiffs sustained financial losses related to the cost of traveling to, and transporting vehicles back to the Plaintiffs residence in Arizona.

The approximate cost of repairing the Dodge Van deficiencies are as follows: Air Conditioning System $1000.00; Cracked windshield $200.00; Auto Paint/Body work $2000.00; repair the holes drilled in the interior panels $2000.00 Repair door locks $1000.00; Interior Roof liner $250.00; repair sealed windows; $500.00; replace Supentine belt $150.00; etc. The P-30 is as follows: mileage omission, $8000.00; electrical $500.00; shocks $600.00; replace tires $1200.00; batter replacement $125.00; spare tire $100.00; tire jack $100.00; windshield wipers $100.00.

These amounts totals $17,825.00; of which both illustrates the extent of the Defendants deception, but also the direct loss to the Plaintiffs. In addition, the Plaintiffs sustained $749.00 dollars in fuel cost, and $900.00 dollars in additional transportation cost; for a total of $1649.00.

## NEGLIGENCE

**The Plaintiffs by reference herein incorporates all of the paragraphs of this complaint as though fully stated herein.**

7

Inherent in every contract under Arizona law, is the covenant of good faith, and fair dealing. see Noble v. National American Life Insurance Co. supra. The law implies a covenant of good faith and fair dealing in every contract. Wagenseller v. Scottsdale Memorial Hospital, 147 Ariz. 370, 383, 710 P.2d 1025, 1038 (1985). also see Restatement of Second of Contracts 205 (1981); 5 Williston on Contracts 670 @159 (3rd ed. Jaeger ed. 1961. "the duty arises by virtue of a contractual relationship." "The essence of that duty is that neither party will act to impair the right of the other to receive the benefits which flows from their agreement or contractual relationship. Wagenseller v. Scottsdale Memorial Hospital, 147 Ariz at 383, 710 P.2d at 1038; Noble v. National American Life Insurance Co. supra; Fortune v. National Cash Register Co. 373 Mass, 96, 104, 364 N.E. 2d 1251, 1257 (1977); Comunale v. Traders & General Insurance Co. 50 Cal. .2d 654, 658, 328 P.2d 198, 200 (1958).

The Defendant has a contractual obligation to act in a fair and reasonable matter, when selling vehicles on their website. The Defendant breached said duty. The Defendant and the Plaintiff entered into contract, when the Plaintiff's bid for both vehicles, was accepted by the Defendant, and payment for such, was

made by the Plaintiffs; accepted by the Defendant.

The Defendant failed to conform to a reasonable standard of care; to make a reasonable inspection of said vehicles, prior to the sale of said vehicles on their auction website. The Defendant failed to list deficiencies of said vehicles in the description of said vehicles on the Defendants auction website. The Defendants negligence, was the direct cause of financial losses sustained by the Plaintiffs as above outlined in detail. The Defendant caused damages to Plaintiffs in an amount exceeding $20,000.00 (exact amount to be determined at the time of trial).

The four elements of Negligence under Arizona law are: 1) a duty requiring defendant to conform to a certain standard of care; 2) a breach by the defendant of that standard; 3) a causal connection between the defendant's conduct and the resulting injury; 4) actual damages. see Ontiveros v. Borak 136 Ariz. 500, 504, 667, P.2d 200,204, (1983). The element of whether duty exist, is a matter of law. Markowitz v. Ariz. Parks Bd. 146 Ariz. 352, 356, 706, P.2d 364, 368, (1985). The other elements, including breach and causation, are factual issues usually decided by the jury. see id @ 358, 706 P.2d @370.

Duty is defined as an "obligation", recognized by law, which requires the

defendant to conform to a particular standard of conduct in order to protect others against unreasonable risk of harm. "id at 354, 706 P.2d @366 (citing Ontiveros, 136 Ariz at 504, 667 P.2d at 204). The standard of care is defined as (w)hat the defendant must do, or must not do...to satisfy the duty. see Coburn v. City of Tucson, 143 Ariz. 50, 52, 691, P.2d 1078, 1080 (1984).(citing W. Page Keeton et al. (5th ed. 1984)...."that is, whether there has been a breach of duty ....is an issue of fact that turns on the specifics of the individual case"

**PRAYER FOR RELIEF**

There is no exception or justification for the Defendants conduct. The Defendant caused financial damages in excess of $20,000.00 to the Plaintiffs, through violation of Arizona ARS 44-1522; and through their willful negligence.

VIOLATION OF A.R.S. 44-1522

The Plaintiffs seek actual losses sustained through the wrongful conduct of the Defendant, to be determined at the time of trial, but damages which exceed $20,000.00. Under Arizona law, punitive damages may be awarded for the Defendants deceptions. Thereby, the Plaintiffs seek punitive damages in an amount to be determined by the jury.

## NEGLIGENCE

The Defendants negligence was willful and done knowingly. There is no exception or justification, for the negligent conduct of the Defendant. The Plaintiffs have sustained emotional distress due to the Defendants wrongful actions in the form of anger, upset, and other negative emotions, beside the direct financial losses sustained by the Plaintiffs as a result of same. The Arizona Constitution, Art. 18@6 states: "The right of action to recover damages for injuries shall never be abrogated, and the amount recovered shall not be subject to any statutory limitations" Under the tort of Negligence, Arizona law has upheld the above cited rights, under the Arizona Constitution.

The Plaintiffs seek compensatory and punitive damages in an amount to be determined at the time of trial.

**IN ADDITION:**

Plaintiffs seek prejudgment interest.
Plaintiffs seek reasonable attorney fees.
Plaintiffs seek other compensation so determined reasonable by the court.

**PLAINTIFFS SEEK TRIAL BY JURY**

1  **Respectively** submitted this _____ day of Nov. 2014.
2
3
4  _____           _____
5  Richard Shupe                                                   Maria Shupe

12